IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-559

No. COA17-1077-3

Filed 16 August 2022

Forsyth County, Nos. 15 CRS 58663–64

STATE OF NORTH CAROLINA

v.

AARON LEE GORDON

Appeal by defendant from order entered 13 February 2017 by Judge Susan E. Bray in Forsyth County Superior Court. Originally heard in the Court of Appeals 22 March 2018, with opinion issued 4 September 2018. On 4 September 2019, the North Carolina Supreme Court allowed the State's petition for discretionary review for the limited purpose of remanding to this Court for reconsideration in light of the Supreme Court's decision in *State v. Grady* (*Grady III*), 372 N.C. 509, 831 S.E.2d 542 (2019). Upon remand, this Court issued its opinion on 17 March 2020. On 14 December 2021, the Supreme Court allowed the State's petition for discretionary review for the limited purpose of remanding to this Court for reconsideration in light of the Supreme Court's decisions in *State v. Hilton*, 378 N.C. 692, 2021-NCSC-115, and *State v. Strudwick*, 379 N.C. 94, 2021-NCSC-127, as well as the North Carolina General Assembly's 2021 amendments to the satellite-based monitoring program.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Joseph Finarelli, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Michele A. Goldman, for defendant-appellant.*

ZACHARY, Judge.

¶ 1    In accordance with our Supreme Court's recent decisions in *State v. Hilton* and *State v. Strudwick*, and in light of the 2021 amendments to North Carolina's satellite-based monitoring statutes, we affirm the trial court's order imposing satellite-based monitoring for the remainder of Defendant's natural life following his release from incarceration.

## *Background*

¶ 2    In February 2017, Defendant pleaded guilty to statutory rape, second-degree rape, taking indecent liberties with a child, assault by strangulation, and first-degree kidnapping. Defendant was sentenced to 190 to 288 months' imprisonment and ordered to submit to lifetime sex-offender registration. After determining that Defendant was convicted of an "aggravated offense,"[1] and conducting an extensive satellite-based monitoring hearing, the trial court ordered that Defendant enroll in

---

[1] An "aggravated offense" is "[a]ny criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old." N.C. Gen. Stat. § 14-208.6(1a) (2021).

the satellite-based monitoring program for the remainder of his natural life upon his release from prison in 15 to 20 years.

¶ 3        Defendant timely appealed the trial court's satellite-based monitoring order. Relying heavily on *Grady v. North Carolina* (*Grady I*), 575 U.S. 306, 191 L. Ed. 2d 459 (2015), and *State v. Grady* (*Grady II*), 259 N.C. App. 664, 817 S.E.2d 18 (2018), *aff'd as modified*, 372 N.C. 509, 831 S.E.2d 542 (2019), this Court held that the State failed to meet its burden of showing that the implementation of satellite-based monitoring of Defendant will be a reasonable search when executed in 15 to 20 years. *See State v. Gordon* (*Gordon I*), 261 N.C. App. 247, 260, 820 S.E.2d 339, 349 (2018), *remanded*, 372 N.C. 722, 839 S.E.2d 840 (2019). Accordingly, we vacated the trial court's order mandating Defendant's lifetime enrollment in satellite-based monitoring following his eventual release from imprisonment, and remanded "with instructions for the trial court to dismiss the State's application for satellite-based monitoring without prejudice to the State's ability to reapply." *Id.* at 261, 820 S.E.2d at 349.

¶ 4        On 4 September 2019, the Supreme Court allowed the State's petition for discretionary review for the limited purpose of remanding to this Court for reconsideration in light of the Supreme Court's decision in *Grady III*. Upon reconsideration, we concluded that the *Grady III* analysis did not alter our earlier determination that the State had failed to meet its burden of establishing that

lifetime satellite-based monitoring following Defendant's eventual release from prison would constitute a reasonable search. *See State v. Gordon* (*Gordon II*), 270 N.C. App. 468, 477, 840 S.E.2d 907, 914 (2020), *remanded*, 379 N.C. 670, 865 S.E.2d 852 (2021). Therefore, we reversed the trial court's satellite-based monitoring order. *See id.*

¶ 5      On 14 December 2021, the Supreme Court allowed the State's petition for discretionary review for the limited purpose of remanding the case to this Court for reconsideration in light of the Supreme Court's decisions in *State v. Hilton* and *State v. Strudwick*, as well as the North Carolina General Assembly's amendments to the satellite-based monitoring program, which became effective on 1 December 2021*, see* An Act . . . to Address Constitutional Issues with Satellite-Based Monitoring . . . , S.L. 2021-138, § 18, https://www.ncleg.gov/EnactedLegislation/SessionLaws/PDF/2021-2022/SL2021-138.pdf. Upon reconsideration, we affirm the trial court's order mandating satellite-based monitoring.

## *Discussion*

¶ 6      After this appeal's remand from our Supreme Court, the parties submitted supplemental briefings addressing the impact of *Hilton*, *Strudwick*, and the 2021 amendments to the satellite-based monitoring program on the issues raised in the present case. Defendant maintains that despite these jurisprudential developments, the satellite-based monitoring regime is unconstitutional because satellite-based

monitoring is not a reasonable search, as he is unlikely to reoffend. However, for the reasons explained below, we affirm the trial court's imposition of satellite-based monitoring.

### I. *Developments in Satellite-Based Monitoring Jurisprudence*

¶ 7      The United States Supreme Court held in *Grady I* that the imposition of satellite-based monitoring constitutes a warrantless search under the Fourth Amendment, requiring an inquiry into the reasonableness of the search under the totality of the circumstances. 575 U.S. at 310, 191 L. Ed. 2d at 462.

¶ 8      After *Grady I*, our Supreme Court considered whether mandatory lifetime satellite-based monitoring based solely on the defendant's status as a recidivist[2] sex offender "is reasonable when its intrusion on the individual's Fourth Amendment interests is balanced against its promotion of legitimate governmental interests." *Grady III*, 372 N.C. at 527, 831 S.E.2d at 557 (citation and internal quotation marks omitted). The Court concluded that for recidivist offenders, "a mandatory, continuous, nonconsensual search by lifetime satellite-based monitoring" violated the Fourth Amendment. *Id.* at 545, 831 S.E.2d at 568.

---

[2] An offender is a "recidivist" if he or she "has a prior conviction for an offense that is described" as a "reportable conviction" in N.C. Gen. Stat. § 14-208.6(4). N.C. Gen. Stat. § 14-208.6(2b).

¶ 9        Our Supreme Court next addressed the constitutionality of the satellite-based monitoring regime as applied to aggravated offenders, and concluded that the satellite-based monitoring "statute as applied to aggravated offenders is not unconstitutional" because the "search effected by the imposition of lifetime [satellite-based monitoring] on the category of aggravated offenders is reasonable under the Fourth Amendment." *Hilton*, 378 N.C. 692, 2021-NCSC-115, ¶ 36. As the Court explained, the lifetime satellite-based monitoring of aggravated offenders is reasonable under the totality of the circumstances, given the program's "limited intrusion into [the] diminished privacy expectation" of aggravated offenders, *id.*, when weighed against the State's "paramount interest in protecting the public—especially children—by monitoring certain sex offenders after their release[,]" *id.* ¶ 19, which the Court determined is manifestly furthered by the satellite-based monitoring regime, *id.* ¶¶ 26–27. Indeed, the Court explicitly "recognized the efficacy of [satellite-based monitoring] in assisting with the apprehension of offenders and in deterring recidivism," and concluded that therefore "there is no need for the State to prove [satellite-based monitoring]'s efficacy on an individualized basis." *Id.* ¶ 28.

¶ 10       Following *Hilton*, the Supreme Court analyzed the necessity of assessing the *future* reasonableness of the imposition of satellite-based monitoring on an aggravated offender, where the offender is sentenced to serve a lengthy prison term prior to the anticipated imposition of satellite-based monitoring. *See Strudwick*, 379

N.C. 94, 2021-NCSC-127. In *Strudwick,* the trial court sentenced the defendant to a minimum of thirty years in prison. *Id.* ¶ 7. The trial court also ordered that the defendant, as an aggravated offender, enroll in lifetime satellite-based monitoring for the remainder of his natural life upon his release from imprisonment. *Id.* ¶ 9. Our Supreme Court clarified that "the State is *not* tasked with the responsibility to demonstrate the reasonableness of a search at its effectuation in the future for which the State is bound to apply in the present"; instead, the State need only "demonstrate the reasonableness of a search at its evaluation in the present for which the State is bound to apply for future effectuation of a search." *Id.* ¶ 13. With regard to the reasonableness of the search of the defendant, an aggravated offender, the Court ultimately concluded that "the lifetime [satellite-based monitoring] program is constitutional due to its promotion of the legitimate and compelling governmental interest which outweighs its narrow, tailored intrusion into [the] defendant's expectation of privacy in his person, home, vehicle, and location." *Id.* ¶ 28.

¶ 11          Shortly after the Supreme Court's issuance of its decisions in *Hilton* and *Strudwick*, the General Assembly's amendments to the satellite-based monitoring program became effective. *See* S.L. 2021-138, § 18(p). Among other revisions, these amendments changed the maximum term of enrollment in satellite-based monitoring from lifetime to ten years, and provided that any offender who was ordered to enroll in satellite-based monitoring for a term longer than ten years may petition for

termination or modification of the offender's enrollment. *Id.* § 18(d)–(e), (*i*); *see* N.C. Gen. Stat. § 14-208.46(a), (d)–(e). "If the offender files the petition before he has been enrolled for 10 years, then 'the court shall order the petitioner to remain enrolled in the satellite-based monitoring program for a total of 10 years[,]' " *State v. Anthony*, 2022-NCCOA-414, ¶ 19 (quoting N.C. Gen. Stat. § 14-208.46(d)); however, "if the offender has been enrolled for at least 10 years already, 'the court shall order the petitioner's requirement to enroll in the satellite-based monitoring program be terminated[,]' " *id.* (quoting N.C. Gen. Stat. § 14-208.46(e)).

¶ 12    The General Assembly also codified its "[l]egislative finding of efficacy" of satellite-based monitoring, expressly "recogniz[ing] that the GPS monitoring program is an effective tool to deter criminal behavior among sex offenders." S.L. 2021-138, § 18(a); *see* N.C. Gen. Stat. § 14-208.39.

¶ 13    With these developments in mind, we evaluate the reasonableness of the trial court's imposition of lifetime satellite-based monitoring on Defendant in the instant case.

## II.    *Analysis*

¶ 14    Defendant argues that this Court should reverse the trial court's satellite-based monitoring order because the satellite-based monitoring regime is unconstitutional. Specifically, Defendant asserts that at his satellite-based monitoring hearing, "the State's evidence was that [Defendant] was unlikely to

reoffend. A warrantless search of this magnitude cannot be reasonable as applied to someone who does not present the risk used to justify the search against a facial challenge." In light of *Hilton, Strudwick,* and the 2021 amendments to the satellite-based monitoring program, we disagree.

¶ 15        "As in cases challenging pre-trial searches as violating the Fourth Amendment, trial courts must . . . conduct reasonableness hearings before ordering [satellite-based monitoring] unless a defendant waives his or her right to a hearing or fails to object to [satellite-based monitoring] on this basis." *State v. Carter*, 2022-NCCOA-262, ¶ 19. This reasonableness inquiry requires a balancing of competing interests. *See Grady I*, 575 U.S. at 310, 191 L. Ed. 2d at 462 ("The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations.").

¶ 16        "Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Samson v. California*, 547 U.S. 843, 848, 165 L. Ed. 2d 250, 256 (2006) (citation and internal quotation marks omitted). Our Supreme Court has described this "reasonableness" test as "a three-pronged inquiry into (1) the nature of the . . . defendant's privacy interest itself, (2) the character of the intrusion effected" by lifetime satellite-based monitoring, and (3) "the nature and purpose of the search

where we consider[ ] the nature and immediacy of the governmental concern at issue here, and the efficacy of this means for meeting it." *Strudwick*, 379 N.C. 94, 2021-NCSC-127, ¶ 19 (citations and internal quotation marks omitted).

¶ 17        As a preliminary matter, we note that Defendant's status as an aggravated offender is not challenged. Moreover, it is clear that the trial court conducted a thorough reasonableness hearing. Consequently, we review de novo the trial court's "determination [that satellite-based monitoring] is reasonable as applied to Defendant." *Anthony,* 2022-NCCOA-414, ¶ 33. As part of de novo review, "we evaluate the reasonableness of [satellite-based monitoring] under the totality of the circumstances considering: (1) the legitimacy of the State's interest; (2) the scope of Defendant's privacy interests; and (3) the intrusion imposed by" satellite-based monitoring. *Id.* (citing *Hilton*, 378 N.C. 692, 2021-NCSC-115, ¶¶ 19, 29, 32).

¶ 18        In determining "the legitimacy of the State's interest" in the imposition of satellite-based monitoring, *id.,* we examine "the nature and immediacy of the governmental concern at issue here, and the efficacy of this means for meeting it[,]" *Strudwick*, 379 N.C. 94, 2021-NCSC-127, ¶ 19 (citation omitted). As our Supreme Court explained, the purposes underlying satellite-based monitoring of aggravated offenders—"assisting law enforcement agencies in solving crimes" and "protecting the public from aggravated offenders by deterring recidivism[,]" *Hilton*, 378 N.C. 692, 2021-NCSC-115, ¶¶ 25, 27—are "of paramount importance," *id.* ¶ 42. Although in the

case at bar Defendant argues that "the State's evidence . . . that [he] was unlikely to reoffend" renders unreasonable, and therefore unconstitutional, the imposition of satellite-based monitoring, our Supreme Court and General Assembly have recognized satellite-based monitoring's efficacy as a matter of law; thus, "there is no need for the State to prove [satellite-based monitoring]'s efficacy on an individualized basis." *Id.* ¶ 28; *see* N.C. Gen. Stat. § 14-208.39. Moreover, the State need not "demonstrate the reasonableness of a search at its effectuation in the future for which the State is bound to apply in the present[.]" *Strudwick*, 379 N.C. 94, 2021-NCSC-127, ¶ 13. Therefore, this factor weighs in favor of finding the imposition of lifetime satellite-based monitoring here to be reasonable.

¶ 19        We next evaluate "the scope of Defendant's privacy interests[.]" *Anthony*, 2022-NCCOA-414, ¶ 33. Our Supreme Court has established that "the imposition of lifetime [satellite-based monitoring] causes only a limited intrusion into [the] diminished privacy expectation" of all aggravated offenders. *Hilton*, 378 N.C. 692, 2021-NCSC-115, ¶ 36. Like the defendant in *Hilton*, Defendant is an aggravated offender; consequently, his expectation of privacy is diminished. *Id.* ("[A]n aggravated offender has a diminished expectation of privacy both during and after any period of post-release supervision as shown by the numerous lifetime restrictions that society imposes upon him."). Hence, this factor supports the conclusion that the imposition of lifetime satellite-based monitoring on Defendant was reasonable.

¶ 20        Finally, we assess the "intrusion imposed by" lifetime satellite-based monitoring upon Defendant's diminished privacy interest. *Anthony*, 2022-NCCOA-414, ¶ 33. As our Supreme Court first determined in *Hilton* and reinforced in *Strudwick*, the search effected by satellite-based monitoring presents a "narrow, tailored intrusion into [the] defendant's expectation of privacy in his person, home, vehicle, and location" when the defendant is an aggravated offender. *Strudwick*, 379 N.C. 94, 2021-NCSC-127, ¶ 28; *see Hilton*, 378 N.C. 692, 2021-NCSC-115, ¶ 36. Thus, this factor suggests that the imposition of lifetime satellite-based monitoring in this case was reasonable.

¶ 21        Accordingly, in considering the totality of the circumstances, we weigh the State's significant interest in protecting the public and the recognized efficacy of satellite-based monitoring in promoting that interest, *Hilton*, 378 N.C. 692, 2021-NCSC-115, ¶¶ 22–23, 28, against the "incremental intrusion" of lifetime satellite-based monitoring into Defendant's "diminished expectation of privacy" as an aggravated offender, *id.* ¶ 35. After careful consideration of these factors in light of *Hilton*, *Strudwick*, and the 2021 amendments to the satellite-based monitoring program, we conclude that the search of Defendant as imposed is reasonable and therefore withstands Fourth Amendment scrutiny.

### *Conclusion*

Under the totality of the circumstances, the imposition of lifetime satellite-based monitoring following Defendant's conviction for an aggravated offense does not constitute an unreasonable search under the Fourth Amendment. *See id.* ¶ 12; *Strudwick*, 379 N.C. 94, 2021-NCSC-127, ¶ 28. Accordingly, we affirm the trial court's order imposing lifetime satellite-based monitoring following Defendant's release from incarceration.

AFFIRMED.

Judges DIETZ and GRIFFIN concur.